Submitted on briefs October 10, reversed and remanded November 28, 1922.

## KELTY v. FISHER ET AL.

(210 Pac. 623.)

**Trial—Limiting Time for Arguments of Counsel Held Error.**

Action of the court in limiting the defendant's counsel's argument to thirty minutes and plaintiff's counsel's argument to fifteen minutes constitutes reversible error within Section 132, Or. L., providing that the time shall not be limited to less than two hours.

This is an appeal from a judgment for $300 rendered against defendants by the Circuit Court of Lake County on account of alleged medical services furnished to George Syron, defendants' intestate. The facts in the case sufficiently appear in the two cases of *Kelty* v. *Fisher et al.,* reported in 101 Or. 110 (199 Pac. 188), and 101 Or. 122 (199 Pac. 192). The two cases were practically identical as to facts, and the statement in the case first above cited, which was brought for services rendered to Johnnie Fisher, may be taken *mutatis mutandis* as the statement in this case.                REVERSED AND REMANDED.

For appellants there was a brief over the name of *Mr. O. M. Corkins.*

For respondent there was a brief over the name of *Messrs. Hay & Gibbs.*

McBRIDE, J.—This small case has been once before to this court and already has no doubt consumed more expense to the estate than would have been occasioned by a prompt payment of the bill in the first instance. It was this fact, perhaps, that led the presiding judge into committing the first error complained of, which is that he announced at the begin-

ning of the argument that the attorney for defendants would be limited to half an hour and the plaintiff's attorneys to fifteen minutes in making their arguments. The order, having been duly excepted to, comes fairly within the ruling in *State* v. *Rogoway*, 45 Or. 601 (78 Pac. 987, 81 Pac. 234, 2 Ann. Cas. 431); Or. L. (Olson's Comp.), § 132.

Other errors are urged, but we find the objections not well taken. This is a small case and has now been a second time to this court. But for the fact that the testimony is very contradictory and therefore pre-eminently a matter for disposition by a jury, we should be inclined to retry the case here and end it, but under the circumstances we are compelled reluctantly to remand it with directions that a retrial be granted.

REVERSED AND REMANDED WITH DIRECTIONS.